Name: Luis F. Sanchez
Address: 4136 S. Long Valley Dr. WVC FILED 84128
Telephone: 801-839-5679

RECEIVED CLERK
DEC 10 2014
U.S. DISTRICT COURT

2014 DEC 10 P 1:12

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## Central DIVISION

Luis F. Sanchez
(Full Name)
PLAINTIFF

vs.

Unified Police of Greater Salt Lake, Ryan Nielsen, Hiram Burnett.

DEFENDANTS

**CIVIL RIGHTS COMPLAINT**
(42 U.S.C §1983, §1985)

Case: 2:14cv00900
Assigned To : Stewart, Ted
Assign. Date : 12/10/2014
Description: Sanchez v. Unified Police of Greater Salt Lake et al

## A. JURISDICTION

1. Jurisdiction is proper in this court according to:

   a. **X** 42 U.S.C. §1983
   b. ___ 42 U.S.C. §1985
   c. ___ Other (Please Specify) _____

2. NAME OF PLAINTIFF  Luis F. Sanchez
   IS A CITIZEN OF THE STATE OF  Utah

   PRESENT MAILING ADDRESS: 4136 S. Long Valley Dr. WVC, UT 84128

3. NAME OF FIRST DEFENDANT  Unified Police of Greater Salt Lake

IS A CITIZEN OF __Salt Lake Utah__
                (City and State)

IS EMPLOYED AS __Police Department__ at __Salt Lake County__
  (Position and Title if Any)     (Organization)

Was the defendant acting under the authority or color of state law at the time these claims occurred?

YES __X__ NO___. If your answer is "YES" briefly explain.

__Unified Police conducts operations under legal authority granted to them by the state of Utah.__

4. NAME OF SECOND DEFENDANT __Ryan Nielsen__
   (If applicable)

   IS A CITIZEN OF __Salt Lake Utah__
               (City and State)

   IS EMPLOYED AS __Police Officer__ at __Unified Police of Greater Salt Lake__
     (Position and Title if Any)     (Organization)

   Was the defendant acting under the authority or color of state law at the time these claims occurred?

   YES __X__ NO___. If your answer is "YES" briefly explain.

   __Officer Ryan Nielsen detained me under legal authority as a Police Officer of the Unified Police.__

5. NAME OF THIRD DEFENDANT __Hiram Burnett__
   (If applicable)

   IS A CITIZEN OF __Salt Lake Utah__
               (City and State)

   IS EMPLOYED AS __Police Officer__ at __Unified Police of Greater Salt Lake__

   (Position and Title if Any)        (Organization)
   Was the defendant acting under the authority or color of state law at the time these claims occurred?

   YES _X_ NO___. If your answer is "YES" briefly explain.

   Officer Hiram Burnett initiated the stop under the legal authority of the Unified Police of Greater Salt Lake.

6. NAME OF FOURTH DEFENDANT_____
   (If applicable)

   IS A CITIZEN OF_____
            (city and State)

   IS EMPLOYED AS_____ at _____.
        (Position and Title if Any)    (Organization)
   Was the defendant acting under the authority or color of state law at the time these claims occurred?

   YES ___ NO___. If your answer is "YES" briefly explain.

(Use additional sheets of paper if necessary.)

## B. NATURE OF CASE

1. Why are you bringing this case to court? Please explain the circumstances that led to the problem.

   Please refer to attached pages for Nature of Case

## C. CAUSE OF ACTION

1. I allege that my constitutional rights, privileges or immunities have been violated and that the following facts form the basis for my allegations: (If necessary you may attach additional pages)

   a. (1) Count I: _Refer to attached pages for Cause of Action._

   (2) Supporting Facts: (Describe exactly what each defendant did or did not do. State the facts clearly in your own words without citing legal authority or arguments.)

   _Please refer to attached pages for Cause of Action_

   b. (1) Count II: _____

   (2) Supporting Facts: _____

  c. (1) Count III: _____

    (2) Supporting Facts: _____

_____

_____

_____

_____

## D. INJURY

1. How have you been injured by the actions of the defendant(s)?

  _Please refer to attached pages for Injury_

_____

_____

## E. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1. Have you filed other lawsuits in state or federal court that deal with the same facts that are involved in this action or otherwise relate to the conditions of your imprisonment? YES_____ / NO __X__. If your answer is "YES," describe each lawsuit. (If there is more than one lawsuit, describe additional lawsuits on additional separate pages, using the same outline.)

  a. Parties to previous lawsuit:

    Plaintiff(s): _____

           Defendant(s): _____

b.    Name of court and case or docket number: _____

c.    Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) _____

d.    Issues raised: _____

_____

_____

e.    When did you file the lawsuit? _____
                                          Date    Month    Year

f.    When was it (will it be) decided? _____

2.    Have you previously sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part C? YES_X_ / NO ___. If your answer is "YES" briefly describe how relief was sought and the results. If your answer is "NO" explain why administrative relief was not sought.

*I called the Unified Police to inform of incident. I was told they would investigate and later be called. I never received a call back.*

### F. REQUEST FOR RELIEF

1.    I believe that I am entitled to the following relief:

*Please refer to attached pages for Request For Relief*

_____

_____

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint, and that the information contained therein is true and correct. 28 U.S.C. §1746; 18 U.S.C §1621.

Executed at __Salt Lake__ on __12/10/2014__.
     (Location)                (Date)

__Luis Sanchez S.__
Signature

Luis Sanchez
4136 s. Long Valley Dr.
WVC, Utah 84128
(801) 839-5679

## B. NATURE OF CASE

1.  This is a lawsuit seeking declaratory, injunctive and monetary relief against the Unified Police Department, Officer Hiram Burnett, and Officer Ryan Nielsen. I hereby claim that Defendants violated my rights when they submitted me to; an unconstitutional detention, seizure and search, wrongful arrest, excessive force, assault and battery, intentional infliction of emotional distress, malicious prosecution / abuse of process, defamation, and damaged to property.

2.  In the manner described herein, defendants, acted under color of state law, and without reasonable suspicion or probable cause that I had engaged in any unlawful conduct. Defendants not only violated my rights but also trampled on their sworn oath to serve, protect and uphold the law. Officers' actions were intentional and violated the Fourth and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. §§ 1983, 1985, 1986, and other state and federal laws. In addition to seeking compensatory and punitive damages, I seek declaratory and injunctive relief requiring defendants to desist from and remedy their violent and unlawful practices.

## STATEMENT OF FACTS

1.  On or about December 12, 2013 at approximately 10:30 pm Ruth Ruiz and I, Luis Sanchez, were driving on our way home from the movie theaters when we were pulled over by Officer Hiram Burnett of the Unified Police Department for the suspicion of speeding, this occurred on Highland Drive on approximately 2900 South in Salt Lake City, Utah.
2.  Mr. Burnett approached the driver, Ms. Ruiz and asked for proof of insurance and registration which was provided to Mr. Burnett. He then ordered Ms. Ruiz to step out of the car alleging he perceived the odor of alcohol on Ms. Ruiz's breath. Ms. Ruiz exited the car and Officer Burnett walked her to the front of his vehicle for questioning.
3.  A few minutes had elapsed as I sat in the car waiting for Ms. Ruiz to return when Officer Ryan Nielsen approached my window and ordered me to step out of the car as well.
4.  I was hesitant to step out considering my own safety and the wellbeing of my family might be somewhat jeopardized as it was late at night, in the middle of winter and it had been snowing. I was wearing jeans and a thin rain coat and I did not want to step out into the cold and risk getting sick and possibly later getting my three year old daughter sick as it had happened in the past.
5.  For these reasons I asked Mr. Nielsen why he deemed it necessary for me to get out of the car. He replied that it was for his own safety.
6.  I respectfully asked Officer Nielsen if I was legally required to get out of the car and that I did not see the need for it. He responded with an aggressive and elevated tone of voice with, "I said get out of the fucking car!", as he opened my car door.

7. My response was to oblige out of fear realizing that the situation could easily escalate when dealing with a person of this aggressive behavior.

8. I took off my seatbelt and exited the car. Mr. Nielsen walked me to the driver's side of the car. He then ordered me to provide him with my identification.

9. I informed Officer Nielsen that if I had not committed or if I was not suspected of committing a public offense, I was not legally required to furnish identification but that I would still provide it, and so i did.

10. While standing outside in the cold with Officer Nielsen, I took the opportunity to initiate a conversation regarding some concerns I had about this encounter. I asked if most of his arrests and stops consisted of situations where people had not infringed on any person's rights or property but rather committed victimless acts. He reluctantly replied by saying that in fact most of his arrests were of that nature. I then commented on how common it is that peace officers, instead of de-escalating small situations, they turn them into violent encounters on the same people they swore an oath to protect. I asked how he felt about it.

11. I noticed his demeanor and facial expression began to change to an ever more aggravated and aggressive type due to my questioning. After getting no answer I asked him again if he did not feel badly about it.

12. He did not respond to my question but instead ordered me to put my hands behind me.

13. I did not understand the reason for his demand. I had never been asked to put my hands behind me when in a conversation. At no moment during my interaction with officer Nielsen had I made a threatening gesture nor erratic movement nor had I once raised my voice as he had already done with me. There was also a reasonable distance between Mr. Nielsen and I, a distance of about six feet so there was no way for him to have felt threatened nor intimidated by me.

14. I then asked why and stated that I was not doing anything illegal and that I was just talking and would continue to do so as I saw no crime in it.

15. At this moment Mr. Nielsen stepped closer to me and positioned his face inches away from mine and yelled "put your fucking hands behind your back or I will arrest you!".

16. I was starting to get upset because of the constant disrespect and feelings of threat to my safety by the aggressive behavior of officer Nielsen. I saw these as unnecessary intimidations because I had done absolutely nothing wrong and Mr. Nielsen had not clearly articulated why I was being involuntarily detained and pulled out of the car when it was snowing. At this moment I took a step back and asked him why I wasn't allowed to do what comes natural to humans when they speak and why he was making such demands on me.

17. I had no idea that my questioning would cause me to be attacked by this Officer.

18. Mr. Ryan Nielsen proceeded to grab me behind the neck and violently slam my head against the car and then reached for my arms to place handcuffs on me.

19. At this moment while I was being handcuffed I looked back and heard Ms. Ruiz cry out in fear and anguish. I will never forget her facial expression, an expression of fear and hopelessness due to what she was witnessing.

20. After I was handcuffed I demanded to know why I was being arrested when I had done nothing wrong. Mr. Nielsen replied by saying, "your not being arrested your only being detained".

21. Officer Nielsen then immediately pressed my face against the cold wet car and searched my person until Officer Burnett walked up and asked what had taken place.

22. I, just been assaulted without reason, was upset and responded, "this idiot just assaulted me when I have done nothing wrong!"

23. Mr. Burnett then replied and told me not to insult Officer Nielsen. I replied again stating that he was, Officer Nielsen, an idiot for initiated violence against me when I was only talking. Mr. Burnett interrupted me and threatened me by saying that if I insulted the Officer one more time, I would be going to jail for disorderly conduct.

24. Knowing it was not illegal to express my thoughts through words, especially after being assaulted, and being aware that my freedom of speech did not constitute disorderly conduct nor did it meet the elements of that crime, I continued speaking and demanded to know why I had been attacked by Mr. Nielsen and under what suspicion I was being detained. I received no response to my questions but rather the violence resumed.

25. This time by Mr. Hiram Burnett. He grabbed me by my rain coat and slammed me against the car while I was still in handcuffs and said I was under arrest and that I was going to spend the night in jail for disorderly conduct. Mr. Burnett added by saying that there was a time and place to speak my mind, but that moment, it was not the time nor the place and that I should learn when to keep my mouth shut.

26. Apparently the fact that Mr. Nielsen aggressed against me did not bother Officer Burnett but my words of discontentment towards Officer Nielsen disturbed Officer Burnett to the point that he felt compelled to violently assault me as well.

27. As all this was happening I noticed a third Officer, I believe it was Officer Kelly Shafto who watched as I had been thrown against the car and assalted while in handcuffs as she did absolutely nothing to stop it. I could not believe that another police officer would not intervene to refrain the other men from initiating violence and assaulting a person. This Officer did nothing to deescalate the situation. Mrs. Shafto just stood there next to us, watching but did nothing nor did she say a word to prevent the wrong doings from continuing.

28. A few moments later Officer Burnett then holding me by the jacket shoved me all the way to his vehicle and once again slammed my head against his car door with more force than before. He continued by kicking me on my left leg and then demanded me to spread my legs as he kicked me one more time.

29. My person was searched a second time, this time by Officer Burnett and then he ordered me to get in his car. He then assisted me into his vehicle.

30. Once in his vehicle, many minutes elapsed as he entered information into his computer. He then informed me that Ms. Ruiz was going home with a driving on a suspended license ticket and I would spend the night in jail for not knowing how to keep my mouth shut.

31. Soon after, Officer Burnett exited the vehicle for a few minutes.

32. More time elapsed as I sat in his vehicle restrained and emotionally shaken. When Mr. Burnett returned to the vehicle he handed me my cellphone that Ms. Ruiz had given to him so he would return to me. Mr. Burnett placed the cell phone in my front pocket of my raincoat. He then continued indicating that there was a problem with his printer and he needed to use someone else's system. Many more minutes elapsed and he told me it was my lucky day, that I would not spend the

night in jail because when he had seen Ms. Ruiz speeding he was about to end his shift and that he did not want to take the time to book me in jail.

33. This news gave me a moment of relief after the violent and unjust episode I had lived by the actions of these men but I still wanted to express my discontentment on the treatment I had received by them and with law enforcement officers that abuse their power as they had just done, even if this meant risking going to jail if I upset this man even more. So I again attempted to initiate a conversation with Officer Burnett. This time the conversation went differently and I received respect and not intimidation nor aggression by this officer.

34. After a few minutes of conversing he told me I was an intelligent person that could back up my ideas and that he wished we would have met under different circumstances. Officer Burnett then informed me I was free to go. He then got out of his vehicle to assist me out as I was still handcuffed.

35. He proceeded to open my door and when he assisted me out, the cell phone that he had placed in my front pocket came flying out of my pocket and dropped into the concrete making a small crack on the screen. Officer Burnett picked up the phone then removed my handcuffs and handed the cell phone. I unlocked it and saw it was still functioning but with a broken screen. Mr. Burnett then handed me the citation.

36. Police Officers should be held at a higher, if not at least an equal standard of conduct as the people they swore to protect from harm. They should be an example of behavior and not the exception. That night these Officer initiated violence against my person making me feel humiliated and degraded in a manner that as a human being and specially as a man, is hard to bear. Ruth Ruiz, the mother of my daughter witnessed the encounter as my person was violently thrown around and assaulted as I did absolutely nothing to defend my dignity and myself from the attack. I felt so violated and helpless as I was being abused in her presence. Abuse that was carried by the same people that have been given the responsibility and trust to protect us from harm and to keep the peace. All because I questioned the conduct of these men, all this just because I spoke out. I used words with these public officials and in exchange I received physical aggression and retaliation. This is something I wish Ruth Ruiz would have never witnessed.

37. To add insult to injury, these Officers intentionally acted with malice when they decided to charge me with a public offense when they clearly were aware that the incident did not meet the elements of the offense, yet they still chose to continue with it. I was forced to appear in the Salt Lake County Justice Court numerous times where Officer Hiram Burnett referred the case for prosecution. On my last appearance I was informed the charge would be dismissed when the prosecutor reviewed the report and stated, "These is a bad charge".

## C. CAUSE OF ACTION

    a.    (1)    Count I:    WRONGFUL ARREST
                        (Against Defendants 1, 2 and Unified Police Department)
        (2)    Supporting Facts: Plaintiff incorporates the allegations in paragraphs 1-37 by reference in the **STATEMENT OF FACTS** section of this document.

  b. (1) Count II: ILLEGAL SEARCH AND SEIZURE
       (Against Defendants 1, 2 Police Department)
   (2) Supporting Facts: Plaintiff incorporates the allegations in paragraphs 1-37 by reference in the **STATEMENT OF FACTS** section of this document.

  c. (1) Count III: EXESSIVE FORCE
       (Against Defendants 1, 2 and Unified Police Department)
   (2) Supporting Facts: Plaintiff incorporates the allegations in paragraphs 1-37 by reference in the **STATEMENT OF FACTS** section of this document.

  d. (1) Count IV: FALSE IMPRISONMENT
       (Against Defendants 1, 2 and Unified Police Department)
   (2) Supporting Facts: Plaintiff incorporates the allegations in paragraphs 1-37 by reference in the **STATEMENT OF FACTS** section of this document.

  e. (1) Count V: ASSAULT AND BATTERY
       (Against Defendants 1, 2 and Unified Police Department)
   (2) Supporting Facts: Plaintiff incorporates the allegations in paragraphs 1-37 by reference in the **STATEMENT OF FACTS** section of this document.

  f. (1) Count VI: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
       (Against Defendants 1, 2 and Unified Police Department)
   (2) Supporting Facts: Plaintiff incorporates the allegations in paragraphs 1-37 by reference in the **STATEMENT OF FACTS** section of this document.

  g. (1) Count VII: MALICIOUS PROSECUTION / ABUSE OF PROCESS
       (Against Defendants 1, 2 and Unified Police Department)
   (2) Supporting Facts: Plaintiff incorporates the allegations in paragraphs 1-37 by reference in the **STATEMENT OF FACTS** section of this document.

  h. (1) Count VIII: DEFAMATION
       (Against Defendants 1, 2 and Unified Police Department)
   (2) Supporting Facts: Plaintiff incorporates the allegations in paragraphs 1-37 by reference in the **STATEMENT OF FACTS** section of this document.

  i. (1) Count IX: DAMAGE TO PROPERTY
       (Against Defendants 1, 2 and Unified Police Department)
   (2) Supporting Facts: Plaintiff incorporates the allegations in paragraphs 1-37 by reference in the **STATEMENT OF FACTS** section of this document.

  j. (1) Count X: PUNITIVE DAMAGES

       (Against Defendants 1, 2 and Unified Police Department)
  (2) Supporting Facts: Plaintiff incorporates the allegations in paragraphs 1-37 by reference in the **STATEMENT OF FACTS** section of this document.

  k. (1) Count XI: VICARIOUS LIABILITY / RESPONDEAT SUPERIOR
       (Against Unified Police Department)
  (2) Supporting Facts: Plaintiff incorporates the allegations in paragraphs 1-37 by reference in the **STATEMENT OF FACTS** section of this document.

## D. INJURY

  1. The injuries I suffered as a result of the actions of the Defendants include, but are not limited to, physical injury incurred as a consequence of being illegally attacked and manhandled by Officer Nielsen and Officer Burnett, emotional and mental anguish, violation of my constitutional rights, loss of liberty, damage to reputation, damage to personal property, and other damages related to the above violations of the law. Damages that are actionable and remediable under Utah and federal law.

## F. REQUEST FOR RELIEF

  1. For a permanent injunction, enjoining defendants from their continuing violent unconstitutional custom, policy or practice allowing Police Officers to detain passengers, force them out of vehicle and conduct searches without reasonable, articulable suspicion of criminal activity.
  2. For compensatory damages in an amount to be determined at trial.
  3. For punitive damages in an amount to be determined at trial.
  4. For costs and attorneys' fees if incurred in pursuing this action, as provided in 42 U.S.C. § 1988.
  5. For such other and further relief as the Court may deem just and proper in the premises.

## G. Jury Demand